IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FLAGSTAR BANK, FSB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DENISE WALCOTT, DEAN C. WALCOTT, JR., wife and husband, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 2018-0037

**Attorneys:**
**A.J. Stone III, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Secretary of Housing and
      Urban Development*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default and Summary Judgment" (Dkt. No. 29) filed by Plaintiff Flagstar Bank, FSB ("Flagstar") in which Flagstar seeks default judgment against Defendants Denise Walcott and Dean C. Walcott Jr. (collectively "Walcotts"), and summary judgment against Defendant Secretary of Housing and Urban Development ("HUD"). For the reasons discussed below, the Court will grant Flagstar's Motion as to all Defendants.

### I.     BACKGROUND

On August 10, 2018, Flagstar filed a Complaint against Defendants alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at 4-5). Flagstar alleges

that Defendant Denise Walcott ("Borrower") executed a Note on July 6, 2012, in which she promised to pay Flagstar Bank, FSB the principal amount of $126,704.00, together with interest at the rate of 3.545% per annum, in equal monthly payments of $572.15. (*Id.* at 2-3; Dkt. No. 32-1). The Note was secured by a Mortgage granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Flagstar, that was executed by the Walcotts on the same day. The Mortgage placed a lien on real property ("Property") described as:

> Plot No. 32-I Estate La Grande Princesse, Company Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.338 U.S. acre, more or less, as more fully shown on OLG Drawing No. 4046 dated January 9, 1981, revised May 6, 1987

(Dkt. Nos. 1 at 2; 32-2 at 7). The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on July 7, 2012. (Dkt. Nos. 1 at 3; 32-2 at 7, 9). The Complaint alleges that in March 2014, MERS assigned the entire interest in the Mortgage to Flagstar. That assignment was recorded on April 2, 2014 with the Recorder. (Dkt. Nos. 1 at 3; 32-3).

Flagstar further asserts that the Note and Mortgage subsequently were modified by a Loan Modification Agreement dated May 24, 2017 executed by the Walcotts, establishing a new principal amount of $120,739.77 with interest accruing annually at the rate of 3.545% with monthly payments of $545.21 beginning July 1, 2017.[1] The Loan Modification Agreement was recorded with the Recorder on May 18, 2018. (Dkt. Nos. 1 at 3-4; 31-2) Flagstar alleges that as part of the loan modification, the Walcotts granted a Partial Claim Mortgage against the Property to HUD in the amount of $37,102.25 which was recorded on May 19, 2018 and that the Partial

---

[1] Although Defendant Dean C. Walcott Jr. executed the Loan Modification Agreement, his signature indicates that he merely acknowledges the Agreement, but was "not to incur any personal liability for the debt." (Dkt. No. 31-2 at 5).

Claim Mortgage was subordinate to Flagstar's mortgage. (Dkt. Nos. 1 at 3; 31-4).[2] Flagstar also alleges that it has actual possession of and ownership rights to the Note, Mortgage and the Loan Modification Agreement. (Dkt. No. 1 at 4).

In its Complaint, Flagstar asserts that, beginning on September 1, 2017, the Walcotts defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due, and that the Borrower was given notice of the default. (*Id.* at 4; Dkt. No. 31-3). Flagstar further asserts that pursuant to the terms of the Note, it elected to declare the entire unpaid principal sum, with all accrued interests and late charges, due and immediately payable. (Dkt. No. 1 at 5).

In its Complaint, Flagstar asks that the Court: find that its Mortgage is valid; determine that its Mortgage is superior to the Partial Claim Mortgage held by HUD; foreclose Flagstar's lien and HUD's subordinate lien against the Property; and direct that the Property be sold to satisfy the Borrower's debt including unpaid principal, plus accrued interest, per diem interest, advances, fees, costs and late charges. In addition, Flagstar requests an award of a personal judgment against the Borrower for any deficiency that may exist after the sale of the Property. *Id.* at 4-5.

Flagstar made service on HUD and HUD filed a timely answer to the Complaint (Dkt. Nos. 11-13, 19). After unsuccessful attempts to personally serve the Walcotts, the Magistrate Judge issued an Order authorizing service by publication. (Dkt. Nos. 14, 16-18, 21). In April 2019, Flagstar filed a motion for entry of default against the Walcotts and the Clerk entered default against them. (Dkt. Nos. 25-26, 27). Thereafter, Flagstar filed the instant Motion for Default and

---

[2] Although the Complaint alleges that HUD's Partial Claim Mortgage was filed with the Recorder in May 2017 (Dkt. No. 1 at 4), HUD's mortgage document reflects that it was filed with the Recorder on May 19, 2018. (Dkt. No. 31-4 at 5). HUD's Answer also avers that its Partial Claim Mortgage was recorded in May 2018. (Dkt. No. 19 at 2).

Summary Judgment. (Dkt. No. 29). The Motion was accompanied by a Memorandum in Support, a Statement of Undisputed Facts, and a Declaration of Amounts Due ("Declaration"). (Dkt. Nos. 30-32).

Flagstar argues that the procedural elements for default judgment against the Walcotts have been satisfied because the Walcotts were properly served by publication; the Clerk entered default against them; and they are not infants or incompetent persons, nor are they in the military service. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). (Dkt. No. 30 at 8-10). Finally, Flagstar asserts that it is entitled to summary judgment against HUD in that HUD's lien to the property is inferior to Flagstar's lien. *Id.* at 10.

In support of the Motion for Summary Judgment, Flagstar filed a Statement of Undisputed Material Facts (Dkt. No. 31) to which HUD did not respond. Flagstar also filed a Declaration setting forth the amounts allegedly due and owing to Flagstar. (Dkt. No. 32). The Declaration was signed by an employee of Flagstar familiar with the business records related to the loan at issue and familiar with Flagstar's processes for posting payments and other record-keeping practices. *Id.* at 1-3. The declarant asserts that the Borrower failed to make payments after September 1, 2017 and that the loan has an unpaid principal balance of $120,318.45; accrued unpaid interest of $8,530.56;[3] escrow advances for hazard insurance, property taxes and PMI/MIP[4] totaling

---

[3] The Court notes that Flagstar's Memorandum of Law and Statement of Uncontroverted Facts appears to contain a typographical error in listing an interest rate of 8530.560% instead of 3.545%, although the total accrued interest of $8,530.56 appears correct. (Dkt. Nos. 30 at ¶ 13; 31 at ¶ 14).

[4] PMI stands for private mortgage insurance usually applicable to conventional loans. *See* 12 U.S.C. § 4901(13) (defining private mortgage insurance). MIP on the other hand, usually refers to a mortgage insurance program associated with the Fair Housing Administration (FHA). *See Lloyd v. New Jersey Housing & Mortgage Fin. Agency*, 2021 WL 387473, at *2 (3d Cir. Feb. 3, 2021) (discussing lack of private right of action under Fair Housing Act's mortgage insurance program).

$8,789.25; current mortgage insurance premiums of $103.90; late fees of $43.91; and $108.00 for inspections or property preservation fees, for a total indebtedness of $137,894.07 through August 1, 2019. (Dkt. No. 32 at 3-4). The declarant also asserts that interest accrues on the outstanding debt at the monthly rate of $355.44. *Id.*[5]

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Default Judgment

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2d Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); Fed. R. Civ. P. 8(b)(6). "Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court." *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (citing *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.,* 189 F.3d 242, 244 (3d Cir. 1951)).

---

[5] Based on the Court's calculations, this equates to per diem interest of $11.386.

5

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019) (quoting *Flagstar Bank, FSB v. Rivers,* 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

B.   **Summary Judgment**

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Bonkowski v. Oberg Indus*., 787 F.3d 190, 195 n.1 (3d Cir. 2015). Thus, the moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact that supports the elements of its claims. *Goldenstein v. Repossessors Inc*., 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In reviewing a summary judgment motion, the District Court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ*., 744 F.3d 853, 859 (3d Cir. 2014)

(citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x. 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248.

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (internal quotation marks and citations omitted). Where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate. *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (summary judgment is proper when debtor admits that it has failed to pay the debt, and that the recorded mortgage is in the specified amount); *U.S. Bank National Association v. Chetty Limited Partnership*, 2018 WL 4300949 (E.D. Pa. Sept. 10, 2018) (same).

### III. DISCUSSION

#### A. Default Judgment Against the Walcotts

The factual allegations of the Complaint and the Motion for Default Judgment, as supported by the accompanying documents, set forth all the necessary elements to entitle Flagstar to judgment against the Walcotts. Flagstar has adequately alleged that (1) Denise Walcott executed a Note and the Walcotts jointly executed the Mortgage with Flagstar; (2) the Walcotts are in default

under the terms of the Note and Mortgage; and (3) Plaintiff possesses the Note and Mortgage and is authorized to enforce them. *Brouillard*, 63 V.I. at 793.

In addition, Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Walcotts. It has properly shown that: (1) default was entered against the Walcotts by the Clerk (Dkt. Nos. 27); (2) the Walcotts have not appeared; (3) the Walcotts are neither infants nor incompetent persons (Dkt. No. 32 at 5); and (4) the Walcotts were validly served with process. (Dkt. No. 25-27). In addition, Flagstar established that it investigated and found no information indicating that the Walcotts were in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. Nos. 32 at 5; 32-8).

Flagstar also has shown with specificity how it calculated the amounts claimed to be due. (Dkt. No. 32). As set forth in the Declaration and exhibits attached thereto, Flagstar avers that the total due and owing from the Walcotts include unpaid principal of $120,318.45; accrued unpaid interest of $8,530.56; escrow advances for hazard insurance, property taxes and PMI/MIP totaling $8,789.25; current mortgage insurance premiums of $103.90; late fees of $43.91; and $108.00 for inspections or property preservation fees, for a total indebtedness of $137,894.07 through August 1, 2019. (Dkt. No. 32 at 3-4). Interest has continued to accrue since August 1, 2019 at the monthly rate of $355.44 which equates to per diem interest of $11.386.

The Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Walcotts' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Walcotts' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because

8

such failure showed a willful disregard for Flagstar's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, default judgment against the Walcotts is appropriate.

### B. Summary Judgment against HUD

Flagstar also argues that it is entitled to summary judgment against HUD asserting that its mortgage filed with the Recorder in July 2012 has priority over HUD's Partial Claim Mortgage which was not filed with the Recorder until May 2018. (Dkt. No. 30 at 10). These recording dates are confirmed by the undisputed facts and accompanying documents. (Dkt. Nos. 30; 31-2). HUD has not challenged Flagstar's Statement of Undisputed Material Facts, nor has it challenged the accuracy of the attached documents.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, 2016 WL 447843, at *7 (D.V.I. Feb. 4, 2016). Thus, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). Because Flagstar's Mortgage was filed before the Partial Claim Mortgage recorded by HUD, Flagstar's Mortgage has first priority and HUD's lien is subordinate to the same. Accordingly, Flagstar is entitled to summary judgment against HUD as to the priorities of the liens against the Property.

### IV.   CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against the Walcotts and is entitled to summary judgment against HUD on the priority of liens. Thus, the Court will grant Flagstar's Motion for Default and Summary Judgment (Dkt. No. 29) on the debt and foreclosure causes of action in the Complaint. Accordingly, the Court will award Flagstar

judgment against Denise Walcott for the unpaid principal of $120,318.45; accrued unpaid interest of $8,530.56; escrow advances for hazard insurance, property taxes and PMI/MIP totaling $8,789.25; current mortgage insurance premiums of $103.90; late fees of $43.91; and $108.00 for inspections or property preservation fees, for a total indebtedness of $137,894.07 through August 1, 2019. (Dkt. No. 32 at 3-4). In addition, Flagstar is entitled to interest from August 2, 2019 until the date of Judgment at a per diem rate $11.386. Finally, the Court finds that Flagstar's lien is superior to any and all liens recorded against the Property after July 6, 2012.

      An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 3, 2021                                          _____/s/_____
                                                                                WILMA A. LEWIS
                                                                                Chief Judge