## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 2018-0037** |
| **DENISE WALCOTT, DEAN C. WALCOTT,** | ) | |
| **JR., wife and husband, and SECRETARY OF** | ) | |
| **HOUSING AND URBAN DEVELOPMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**A.J. Stone, III, Esq.,**
St. Thomas, U.S.V.I.
　　　*For Plaintiff*

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
　　　*For Defendant Secretary of Housing and*
　　　　*Urban Development*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Flagstar Bank, FSB's ("Flagstar") "Motion for Attorneys' Fees" ("Motion") in which Flagstar seeks attorneys' fees and costs in the amount of $12,125.00 and $2,358.62, respectively. (Dkt. No. 40). For the reasons set forth below, Flagstar's Motion will be granted in part and denied in part. The Court will allow $4,850.00 in attorneys' fees and $2,358.62 in costs, for a total of $7,208.62.

## I.　　　BACKGROUND

On August 10, 2018, Flagstar filed a Complaint against Defendants Denise Walcott, Dean C. Walcott, Jr., and the Secretary of Housing and Urban Development ("HUD") alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at 4-6).  On March

3, 2021, Flagstar obtained a default judgment against Defendants Denise Walcott and Dean C. Walcott (collectively, "the Walcotts") for $137,894.07 for an unpaid promissory note. (Dkt. No. 35 at 2). The Court also: (1) declared that, based on a mortgage executed by the Walcotts, Flagstar held a first-priority lien against the Walcotts' property on St. Croix[1]; (2) foreclosed the mortgage and all subsidiary liens; and (3) directed that the Walcotts' property be sold at a Marshal's sale, with the proceeds to be applied to the outstanding indebtedness. *Id*. at 2-5. Further, the Court permitted Flagstar to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id*. at 3.

Flagstar subsequently filed the instant Motion for attorneys' fees and costs. (Dkt. No. 40). In its Motion, Flagstar seeks an award of $12,125.00 in attorneys' fees and $2,358.62 in costs, for a total of $14,483.62, associated with pursuing this debt and foreclosure action. *Id*. The amounts claimed are described in an Exhibit attached to an Affidavit in support of the Motion. (Dkt. No. 42-1).

## II.    APPLICABLE LEGAL PRINICIPLES

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has clarified, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, No. CIV 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not

---

[1] The Court granted summary judgment in favor of Flagstar against HUD on the ground that Flagstar's Mortgage has priority over HUD's lien against the property. (Dkt. No. 36 at 9).

2

enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I. R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorneys' fees and costs are reasonable"). In addition, the Virgin Islands Rules of Professional Conduct forbids any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, No. CV 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, No. CIV. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the Court undertakes a two-step analysis. First, the Court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the Court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips v. FirstBank Puerto Rico*, No. CV 13-105, 2018 WL 1789546, at

3

*3 (D.V.I. Apr. 12, 2018) (quoting *Flagstar Bank, FSB v. Stridiron*, No. CV 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). "Excessiveness of time spent in light of an applicant's expertise is a legitimate reason for reducing a fee award." *Borrell v. Bloomsburg University*, 207 F. Supp. 3d 454, 514 (M.D. Pa. 2016). In addition, the Court must also consider, *inter alia*, the relative simplicity or complexity of the case and the quality of the counsel's moving papers. *Bank of St. Croix, Inc. v. Bay Ests. Grp. Ltd. Liab. Ltd. P'ship*, No. CV 2014-0075, 2020 WL 1695687, at *9 (D.V.I. Apr. 6, 2020); *Gillespie v. Dring*, No. 3:15-CV-00950, 2019 WL 5260381, at *7 (M.D. Pa. 2019) (citing *Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004)).

Costs, other than attorneys' fees, allowed under 5 V.I.C. § 541 include: (1) fees of officers, witnesses and jurors; (2) expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). In order for these costs to be reimbursed, they must also be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc*., No. ST-11-CV-131, 2014 WL 4908588, at *1 (V.I. Super. Ct. Sept. 24, 2014).

Similarly, in order to recover "expenses"—as permitted under the contract—the expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure action. *Flagstar Bank v. Daniel*, No. CV 2013-0058, 2016 WL 6154905, at *8 (D.V.I. Oct. 20, 2016).

### III.    DISCUSSION

**A.    Attorneys' Fees**

      **1. Billing Rates**

Both the Promissory Note and the Mortgage in this case provided for Flagstar's right to recover expenses, costs, and attorneys' fees if Flagstar was required to enforce the terms of the Note (Dkt. Nos. 32-1 at ¶ 6(C); 32-2 at ¶¶ 18, 20). Based on these provisions, Flagstar seeks $12,125.00 in attorneys' fees. (Dkt. No. 42).

In support of its request for attorneys' fees, Flagstar submitted a Memorandum of Law (Dkt. No. 41), a "Declaration of Counsel in Support of Motion for Attorney Fees and Costs" (Dkt. No. 42), and Billing Records (Dkt. No. 42-1). In the Declaration, Attorney A.J. Stone, III, Esq. states that he is a senior associate and that his hourly billing rate is $250.00. (Dkt. No. 42 at 1-2). Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed." *Id*. at 2. Each billing entry includes columns for the date the work was performed, the initials of Attorney Stone, a brief description of the work performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (Dkt. No. 42-1).

Turning first to the hourly rate charged, the Court considers whether Flagstar has established reasonable billing rates. Virgin Islands courts have found hourly rates of up to $350.00 to be the customary and prevailing market rates charged in the Virgin Islands, depending on the experience level of the attorney. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, No. CV 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorneys' level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that

similarly experienced attorneys charge in the U.S. Virgin Islands."); *Bank of Am., N.A. v. Taylor*, No. ST-11-CV-0000164, 2019 WL 11706150, at *3 (V.I. Super. Ct. Sept. 9, 2019) (finding the attorney's hourly rate of $350.00 to be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Roy v. Poleon*, No. ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Ct. Dec. 14, 2018) (allowing $350.00 per hour to senior attorneys and $275.00 for associates in complex civil action); *Freund v. Liburd*, No. ST-11-CV-730, 2017 WL 11596465, at *2 (V.I. Super. Ct. Dec. 20, 2017) (finding the attorneys' hourly rate of $250.00 and the managing attorney's hourly rate of $350.00 "consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar"). In routine foreclosure proceedings, however, courts have generally awarded attorneys' fees of up to $300.00 per hour. *See, e.g.*, *Ditech Financial, LLC v. Felice*, No. CV 2016-94, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250.00); *Bank of Nova Scotia v. Robinson*, No. CV 2016-0019, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at an hourly rate of $300); *Lakeview Loan Servicing, LLC v. Singh*, 74 V.I. 439, 446 (V.I. Super. Ct. Jul. 28, 2021) (awarding attorneys' fees of $250.00 per hour in foreclosure proceeding).

In view of the foregoing, the Court finds that the $250.00 hourly billing rate charged for Attorney Stone—to which there has been no objection—is reasonable and falls within the range of rates typically charged for such services.

## 2. Reasonableness of Hours Expended

Next, the Court addresses whether Flagstar's claimed hours were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). Having reviewed the entries, the Court finds that not all of the 48.5

hours billed for the legal work on this case were reasonably expended. The records reveal several instances where the time billed was excessive relative to the labor involved and the skillset and experience of a senior associate. For example, an entry dated June 13, 2019 and described as "Review request by Clerk's office for further documentation in support of motion for entry of default" is billed at .8 hours, or 48 minutes, amounting to $200.00. (Dkt. No. 42-1 at 1). Given counsel's description of the work performed and the entry on the docket by the Clerk's Office,[2] the Court does not consider the $200.00 billed as reasonable to simply review or read the Court's brief request for further documentation. Further, the Court notes that this time was billed in addition and separately from the time billed for preparing the missing documentation. (Dkt. No. 42-1 at 1).

Billing entries related to preparing the missing documentation also reflect the excessive hours claimed. For example, three separate entries show that Attorney Stone billed a total of 7.1 hours for drafting Declarations of Counsel related to the Motion for Entry of Default. (Dkt. No. 42-1 at 1). In the first entry dated June 18, 2019, Attorney Stone billed 2.6 hours to prepare one Declaration, and on June 24 and 25, 2019, he billed another 4.5 hours to prepare a Declaration related to the Servicemembers Civil Relief Act ("SCRA"). *Id.* The submissions reflect that the first Declaration simply summarizes the law firm's efforts to make service on the Walcotts. (Dkt. No. 26-1). The second Declaration related to the SCRA is an affidavit of Attorney Stone stating that following a search of the SCRA website, the Walcotts are not in the United States military service. (Dkt. No. 26-6). Each of these documents is approximately 1 ½ pages in length and do not reflect a substantial amount of work, especially from a senior associate. The Court finds that counsel's

---

[2] On May 29, 2019, the Clerk's Office placed on the docket a "Notice of Corrected Docket Entry," stating, "Counsel was notified as to missing documents to complete [the Motion for Entry of Default]…declaration or affidavit and status report [are] missing." (Dkt. No. 24).

billing of 7.1 hours to draft and finalize these documents is excessive. Excessive billing is also reflected in other itemizations such as those for the Motion for Default Judgment (13.9 hours) and Motion for Attorneys' Fees (5 hours) for a run-of-the-mill debt and foreclosure case with work performed by a senior associate.

The Court finds that the billing for some of the other work is also unreasonable for this routine foreclosure action. Attorney Stone billed 6.7 hours for drafting and finalizing the Motion for Entry of Default. (Dkt. No. 42-1 at 1). The Memorandum in support thereof includes a short statement of facts, the standard for finding default, and a brief, one paragraph argument as to why the Clerk of Court should enter default against the Walcotts. (Dkt. No. 23). In light of Attorney Stone's experience as a senior associate, the relative simplicity of the issues involved, and the fact that the Flagstar's Motion for Entry of Default was unopposed, the Court finds the billing of 6.7 hours unreasonable.

Finally, the $12,125.00 billed for attorneys' fees for this routine debt and foreclosure case is out-of-line with fees typically awarded for matters of this nature. *See, e.g.*, *Lakeview Loan Servicing, LLC v. Martinez*, No. CV 2016-0073, 2020 WL 4572340, at *7 (D.V.I. Aug. 7, 2020) (awarding $4,975.00 in attorneys' fees); *Fed. Nat'l Mortg. Ass'n v. Searles*, No. CV 2015-0021, 2020 WL 4548218, at *3 (D.V.I. Aug. 5, 2020) (awarding $4,867.22 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Rodriguez*, No. CV 2016-0049, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020) (awarding $4,175.00 in attorneys' fees); *Flagstar Bank, FSB, v. Felix*, No. CV 2013-0060, 2016 WL 912193, at *7 (D.V.I. Mar. 4, 2016) (awarding $4,562.50 in attorneys' fees); *DLJ Mortg. Cap., Inc. v. Roland*, No. CV 2013-0010, 2015 WL 1529560, at *5 (D.V.I. Mar. 31, 2015) (awarding $4,928.95 in attorneys' fees); *Nationstar Mortg., LLC v. Florio*, No. CV 2012-0033, 2014 WL 2976232, at *7 (D.V.I. July 1, 2014) (awarding $4,718.61 in attorneys' fees). This was

a run-of-the mill debt and foreclosure case with relatively uncomplicated issues. The judgment was obtained by default, and although a summary judgment motion was filed, it only involved establishing the priority of liens and was unopposed. (Dkt. No. 35).

In view of the foregoing, the Court will reduce the $12,125.00 in requested fees by sixty percent, or $7,275.00, and will award attorneys' fees of $4,850.00. The Court finds this amount is reasonable and more in line with awards in similar cases.

### B.      Costs and Expenses

Flagstar requests reimbursement of $2,358.62 for costs and expenses related to title searches, filing and recording fees, process server fees, and postage. (Dkt. No. 42-1 at 2-3). Under the terms of the Note, the Walcotts agreed to pay "costs and expenses including reasonable and customary attorneys' fees for enforcing [the] Note to the extent not prohibited by applicable law." (Dkt. No. 32-1 at ¶6(C)). Similarly, the terms of the Mortgage allow for Flagstar to "collect all expenses incurred" in pursuing foreclosure remedies, "including, but not limited to reasonable attorneys' fees and costs of court." (Dkt. No. 32-2 at ¶18). Because the Mortgage is "governed by …the law of the jurisdiction in which the property is located," *id.* at ¶14, the Court will look to Virgin Islands law for guidance in determining the appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are allowed in a civil action. Expenses, however, are not defined by statute, nor are they defined in the Mortgage or other loan documents. The Supreme Court of the Virgin Islands has opined that "costs" and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the Virgin Islands Supreme Court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at 584. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs, 'costs are not synonymous with expenses unless

expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). Pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable." *Flagstar Bank, FSB v. Lyles*, No. CV 2014-0105, 2017 WL 987448, at *6 (D.V.I. Mar. 14, 2017). Reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure proceeding. *Matrix Financial Services Corp. v. Laurent*, No. CV 2014-0069, 2016 WL 2757698, at *6 (D.V.I. May 11, 2016).

Flagstar is seeking reimbursement of $2,358.62—which includes both statutory costs (*i.e.*, postage and costs for publication of summons) and non-statutory expenses (*i.e.*, the title search, recording fees, and service of process fees). (Dkt. No. 42-1 at 2-3). While postage costs are generally non-compensable under 5 V.I.C. § 541, they are reimbursable here because the summons and Complaint were served by mail. 5 V.I.C. § 541(a). The Court also finds that expenses related to the title search, filing, recording, and process server fees are compensable under the contract and reasonable, and thus will be allowed. In sum, because Flagstar's costs and expenses were reasonably incurred in this debt and foreclosure action, they will be allowed in their entirety in the amount of $2,358.62.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Flagstar's Motion for Attorneys' Fees. Specifically, the Court will award attorneys' fees of $4,850.00 and costs of $2,358.62 for a total award of $7,208.62 to be assessed against Defendants Denise Walcott and Dean C. Walcott, Jr., jointly and severally.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 6, 2022

_____/s/_____
WILMA A. LEWIS
District Judge