DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

**FLAGSTAR BANK, FSB**

               **Plaintiff,**

v.

**DEAN C. WALCOTT, JR., DENISE WALCOTT, and SECRETARY OF HOUSING AND URBAN DEVELOPMENT,**

               **Defendants.**

1:18-cv-00037-WAL-EAH

**TO:**   A.J. Stone, III, Esq.
        *For Plaintiff*
        **Denise Walcott, Pro Se**
        **Angela Tyson-Floyd, Esq., AUSA**
            *For Defendant Secretary of Housing and Urban Development*

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on an Order by the District Judge for a Report & Recommendation ("R&R") on Defendant Denise Walcott's "Emergency Motion for Temporary Restraining Order, Emergency Motion for Preliminary Injunction to Enjoin Forclosure [sic] Sale Scheduled for August 17, 2023" (the "Injunctive Motion"), Dkt. No. 55. For the reasons that follow, the Court recommends that the motion be denied.

## BACKGROUND

Plaintiff Flagstar Bank, FSB, ("Flagstar") filed the Complaint in this case in August 2018, seeking foreclosure of a real property mortgage. Dkt. No. 1. Specifically, it alleged that Denise Walcott held title to certain real property in La Grande Princesse by means of a warranty deed dated May 21, 2012. *Id.* ¶ 8. On July 6, 2012, Denise Walcott and Dean Walcott, Jr. executed and delivered a promissory note promising to pay the principal

amount of $126,704.00 together with interest at a rate of 3.545% per year. *Id.* ¶ 9. Pursuant to the terms of the note, payments were to be made by equal consecutive monthly installments of principal and interest in the amount of $572.15 per month, beginning September 1, 2012, and the note also had a late fee provision. *Id.* ¶¶ 10-11. To secure the note, Denise and Dean Walcott granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar, a first priority mortgage dated July 6, 2012 over the property. *Id.* ¶ 12. In March 2014, MERS assigned its entire interest in the property to Flagstar. *Id.* ¶ 14. The note and mortgage were subsequently modified by a loan modification agreement dated May 24, 2017, between Denise and Dean Walcott and Flagstar, establishing a new principal amount of $120,739.77, with annual interest of 3.545% and monthly payments of $545.21 beginning July 1, 2017. *Id.* ¶ 15. As part of the modification of the note, Denise and Dean Walcott granted to the U.S. Department of Housing and Urban Development ("HUD") a partial claim mortgage in the amount of $37,102.25 against the property. *Id.* ¶ 16. On September 1, 2017, Denise Walcott defaulted under the terms of the note and the mortgage by failing to pay the monthly installment. *Id.* ¶¶ 20-21. Flagstar gave her notice and advised her that her failure to cure results in an acceleration of the debt and foreclosure of Flagstar's mortgage lien. *Id.* ¶ 22. Denise Walcott failed to cure the default, and the whole principal sum with unpaid interest was due and payable immediately. *Id.* ¶¶ 23-24. Flagstar further alleged that its mortgage lien was superior to HUD's mortgage lien and sought, inter alia, declaratory judgment, a judgment of indebtedness, foreclosure of the liens, and an order that the property be sold. *Id.* ¶ 25.

Summonses were issued, and a notice of lis pendens against the property was filed. Dkt. Nos. 2-10. Summons were returned executed as to Defendant Secretary of HUD

*Flagstar Bank, FSB v. Walcott*
1:18-cv-00037-WAL-EAH
Report & Recommendation
Page 3

and AUSA Tyson-Floyd appeared on behalf of HUD, which filed an answer. Dkt. Nos. 11-13, 15, 19. However, the summons were returned unexecuted as to the Walcotts. Dkt. Nos. 14, 16-18. Thus, in November 2018, Flagstar moved to serve them by publication and for an extension of time to serve process. Dkt. No. 20. The motion was granted. Dkt. No. 21.

In April 2019, Flagstar filed a motion for entry of default against the Walcotts based on their failure to answer or respond to the Complaint. Dkt. No. 22. In support of that motion, Flagstar included proof of the service by publication in two newspapers in Florida and one in St. Croix. Dkt. Nos. 23-1, 23-2, 23-3.[1] The clerk entered default against the Walcotts in July 2019. Dkt. No. 27. In December 2019, Flagstar filed a motion for default judgment and summary judgment against the Walcotts. Dkt. Nos. 29-33.

In March 2021, the District Judge granted the motion for default and summary judgment. Dkt. Nos. 35, 36. That Judgment and Order, inter alia, awarded final judgment against the Walcotts, foreclosed the mortgage, barred the Walcotts from all rights of redemption except for their statutory rights, and ordered that the property be sold. Dkt. No. 35. The United States Marshals Service was directed to deliver that order, which was returned unexecuted. Dkt. Nos. 38, 39. In June 2022, Flagstar filed a praecipe for writ of execution, and a writ was issued. Dkt. Nos. 44, 45, 46. A process for the writ was returned executed as to Denise Walcott in April 2023. Dkt. No. 53.

On August 11, 2023, Denise Walcott filed the Injunctive Motion, seeking a temporary restraining order and a preliminary injunction. Dkt. No. 55.[2] The following

---

[1] At the hearing, Walcott testified that she was living in St. Croix at the time of service by publication in the St. Croix Avis.
[2] Because Walcott seeks to enjoin the sale of the property which is scheduled for August 17, 2023, for purposes of judicial expediency the Court collapsed the hearing on the Temporary Restraining Order with the hearing on the Preliminary Injunctive Relief. The

*Flagstar Bank, FSB v. Walcott*
1:18-cv-00037-WAL-EAH
Report & Recommendation
Page 4

allegations are taken directly from the Motion and are not findings of the Court: Walcott stated that the property is her and her minor child's primary residence, and they would suffer irreparable injury if the property was lost to foreclosure. Dkt. No. 55 ¶¶ 1-2. She added that she was seeking assistance through the "Virgin Islands Housing Authority Homeowner Assistance Funds Program" and needed additional time for the approval process. *Id*. ¶ 3. Further, she alleged that she had submitted a completed package to Flagstar for review for loan modification and/or other mortgage assistance options. *Id*. ¶ 4. Though Walcott had experienced unforeseen hardships causing her mortgage account to fall behind, she had been in communication with Flagstar about those hardships and her willingness to get current on the mortgage; she had also resolved her financial hardship and had been ready and willing to resume payments. *Id*. ¶¶ 5-6. Though Walcott wanted to make payments, she could not afford to pay the entire past due amount and outstanding fees. *Id*. ¶ 7. Since September 2021, she had made many good faith efforts to become current and had applied for available mortgage assistance programs through Flagstar but had been unsuccessful. *Id*. ¶ 8. On July 20, 2023, after calling to check on the status of the loan modification request, a Flagstar representative informed Walcott that the home was in foreclosure, with a sale date of August 17, 2023. *Id*. ¶ 9. Though she had sent Flagstar a completed loan modification application, Flagstar had not responded. *Id*. ¶ 10. On July 25, 2023, Walcott called Flagstar and was told that they required a completed mortgage assistance package thirty-seven days before a foreclosure sale date to suspend the sale. *Id*. ¶ 11. Notice of default was improperly sent to Walcott before starting proceedings and notice of the sale was improperly communicated to Walcott. *Id*.

---

parties agreed with having both hearings together, and the District Judge will address the hearing on the permanent injunction.

¶¶ 12-13. Flagstar also refused to provide Walcott with written notification of the foreclosure sale. *Id*. ¶ 13. Flagstar continuously refused to cooperate with Walcott to resume payments or to provide written notification for denial for specific mortgage assistance programs in the last two years, leaving Walcott with the impression that the application was still under review. *Id*. ¶¶ 14-15. Thus, she sought a temporary restraining order and preliminary injunction "in order to allow more time for parties to come to an agreement." *Id*. at 2.

The same day Walcott filed her motion, the matter was referred to the undersigned by the District Judge, and the undersigned set a hearing for the matter on August 15, 2023. At the hearing, Flagstar was represented by A.J. Stone, III, Esq., and Eric Rose appeared as a litigation representative for Flagstar with full authority to speak and make decisions on Flagstar's behalf. Defendants Denise and Dean Walcott[3] appeared pro se, and Angela Tyson-Floyd, Esq., AUSA, appeared on behalf of Defendant Secretary of HUD. The parties made additional arguments regarding the injunctive relief factors. Specifically, Denise Walcott argued that she was likely to be successful in her attempt to have the Judgment and Order vacated because she had been misled by Flagstar and Flagstar had not met the statutory mediation requirement in 28 V.I.C. § 531. She argued that she showed irreparable harm because she had nowhere to go with her minor son and would experience mental and emotional damage. She reiterated that argument in support of the third factor—whether preliminary relief will result in even greater harm to the nonmoving parties. Finally, she did not make argument as to the public interest.

---

[3] As stated in the Judgment and Order, Flagstar does not seek to hold Dean Walcott, Jr. personally liable for the mortgage. Dkt. No. 36 at 2 at n.1. Thus, he was excused from the hearing.

Attorney Stone responded that there was no likelihood of success on the merit where a valid Judgment and Order had been in place for almost two years and the record reflected valid notifications and entry of default. Regarding the mediation requirement, Walcott's claims were unlikely to succeed as well. Attorney Stone argued that it was inapplicable in the instance where a defendant had not appeared, and that it may not even be applicable to federal proceedings as a mere procedural requirement. Attorney Stone argued that the likelihood of irreparable harm was mitigated by the six-month statutory redemption period which could be longer than six months as it did not start at the date of sale but at the date the Court entered an order confirming the sale. Further, there was great harm to Flagstar where no payments had been made on the property in approximately six years. As to the public interest, precluding or delaying a creditor's recovery would dissuade lenders from operating in the Virgin Islands and harm the entire mortgage lending system in the Virgin Islands.

## APPLICABLE LEGAL STANDARD

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant injunctive relief with a temporary restraining order or a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback & Conserve Prog. Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994). Injunctive relief is "'an extraordinary remedy . . . which should be granted only in limited circumstances.'" *Id.* (quoting *Frank's GMC Truck Ctr., Inc. v. GM Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

The same legal standard applies to requests for a temporary restraining order and a preliminary injunction. *Beberman v. U.S. Dept. of State*, No. 2014-0020, 2016 WL 1181684, at *2 (citing *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005)). Thus, "[t]o prevail on a motion for a temporary restraining order or

preliminary injunctive relief, the moving party must show each of the following four elements: (1) a reasonable probability of success on the merits; (2) that she will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* (citing *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

It is well-established that the movant "must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these two 'gateway factors' are met, a court should then consider the other two factors and determine 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.'" *Doe v. Delaware Valley School Dist.*, 572 F. Supp. 3d 38, 63 (M.D. Pa. 2021) (quoting *Reilly*, 858 F.3d. at 179). "The burden lies with the [movant] to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005).

## DISCUSSION

The first factor, success on the merits, warrants denying this temporary and preliminary injunction because no viable claims exist. In her Injunctive Motion, Walcott made claims that "[n]otice of default was improperly sent to Respondent before starting foreclosure proceedings," and "[n]otice of foreclosure sale was improperly communicated to Respondent" with Flagstar refusing "to furnish Respondent with

written notification of the foreclosure sale." Dkt. No. 55 ¶¶ 12-13. However, the record reflects that default was properly entered against Defendant. She was duly served by publication on December 19, 2018. Dkt. No. 23-2. Flagstar moved for entry of default on April 10, 2019, and provided evidence of the service by publication. Dkt. No. 22. The Clerk entered default on July 19, 2019. Dkt. No. 27. Flagstar sought default and summary judgment against the Defendants on December 19, 2019. Dkt. No. 29. The Court granted the motions on March 3, 2021, and awarded final judgment against the Walcotts, foreclosed the mortgage, barred the Walcotts from all rights of redemption except their statutory rights, and ordered that the property be sold. Dkt. No. 35. Nothing in the record supports her claims of insufficient or improper service. Moreover, the docket also reflects that Denise Walcott received service of the writ of execution in April 2023. Dkt. No. 53.

At the hearing, Walcott stated that she was seeking to have the Judgment and Order vacated because Flagstar failed to comply with the statutory mediation requirement in violation of 28 V.I.C. § 531.[4] But, before the Judgment and Order was entered, Walcott had failed to respond for nearly three years and default judgment had

---

[4] 28 V.I.C. § 531 provides that:

> (a) A lien upon real property, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby, by an action of an equitable nature. In such action, in addition to the judgment of foreclosure and sale, if it appears that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also adjudge a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money.
>
> (b) Prior to the entry of any judgment of foreclosure, the parties must provide the Court with evidence that a good faith effort was made to settle the matter through mediation. The type and form of the mediation report shall be prescribed by the Superior Court of the Virgin Islands.

been entered against her. Dkt. No. 27. Flagstar had no way to mediate with Walcott, and it would be nonsensical to conclude that the statutory provision requires that of Flagstar or that the case should be stayed for years to wait for a defendant to appear.[5] *See Wilmington Savings Fund Soc., FSB v. Estate of Moolenaar through Moolenar*, No. 3-19-cv-0105, 2021 WL 4895201 at \*4 ("[W]aiver of the statutory mediation requirement is appropriate as no Defendant has filed a response to the Complaint or otherwise appeared to defend this matter."). Finally, a motion for relief from a judgment or order must be made within "no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). The injunctive motion was filed 29 months after the Judgment and Order. Presuming then, that the claim Walcott believes she will be successful on is vacating the Judgment and Order, for the foregoing reasons, the Court finds that she will not.

As to the second factor, irreparable harm, Walcott argues that she will have no place for her and her minor son to live. The Court recognizes the significance of this hardship. However, the Court agrees with Flagstar that the harm is mitigated by the fact that she has a statutorily-mandated opportunity to redeem the property that continues for six months from the date of the order of confirmation of sale, which may be some time later than the date of sale itself. 28 V.I.C. § 535.

As discussed above, where the first two "gateway factors" do not warrant granting injunctive relief, the Court need not address the remaining two factors. *See Delaware*

---

[5] Because the Court finds that the mediation requirement is extraneous under these circumstances, it need not assess Attorney's Stone argument that the mediation is inapplicable to federal court because it is merely a procedural requirement, rather than substantive. *See e.g., Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

*Valley School Dist.*, 572 F. Supp. 3d at 63. However, the Court finds that, even if it were required to assess the final two factors, they, too, weigh in favor of denial of the motion.[6]

## CONCLUSION

Accordingly, it is hereby **RECOMMENDED** that Walcott's Injunctive Motion seeking a temporary and preliminary injunction, Dkt. No. 55 be **DENIED**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall provide a copy of this R&R to Walcott by certified mail, return receipt requested and via email at **titawalcott@hotmail.com**.

ENTER:

Dated: August 15, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
MAGISTRATE JUDGE

---

[6] As to the third factor, whether granting preliminary relief will not result in even greater harm to the nonmoving party, the Court finds that Flagstar would suffer significant harm if unable to collect on a valid Judgment and Order that is almost three years old in a case that has been pending for over five years. As to the final factor—public interest—the Court agrees with Attorney Stone's argument that the public interest is best served by enabling creditors to collect on valid judgments. The same preserves the health of the entire mortgage lending system in the Virgin Islands by ensuring that lenders continue to conduct business here at reasonable rates.