# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**DENISE WALCOTT, DEAN C. WALCOTT,** )<br>**JR., wife and husband, and SECRETARY OF** )<br>**HOUSING AND URBAN DEVELOPMENT,** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No. 2018-0037** |

**Appearances:**
**A.J. Stone III, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Denise Walcott,** *Pro Se*
St. Croix, U.S.V.I.

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Secretary of Housing and*
    *Urban Development*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Denise Walcott's ("Walcott") "Emergency Motion to Set Aside" ("Motion") in which Walcott requests that the Court vacate the Writ of Assistance issued by the Clerk of Court on December 27, 2023. (Dkt. No. 86). For the reasons that follow, the Court will deny Walcott's Motion.

### I.  BACKGROUND

On March 3, 2021, the Court entered a Judgment and Order ("Judgment") in favor of Plaintiff Flagstar Bank, FSB ("Flagstar") against Walcott and (1) declared that, based on the Mortgage executed by the Walcotts, Flagstar held a first-priority lien on the Walcotts' property on

St. Croix; (2) foreclosed the Mortgage and all subsidiary liens; and (3) directed that the Walcotts' property be sold at a Marshal's Sale, with the proceeds to be applied to the outstanding indebtedness. (Dkt. No. 35). The Judgment also set forth the statutory redemption period, which provides that the judgment debtor can redeem the property within six months from the date of the Order confirming sale. *Id.* at 3. Finally, the Judgment states that "Flagstar shall have any and all writs necessary to execute the terms of this Judgment." *Id.* at 6.

At the Marshal's Sale held on August 17, 2023, Flagstar placed the highest bid, becoming the purchaser of the property. (Dkt. No. 80 at 2). On September 25, 2023, the Court confirmed the sale of the foreclosed property and entered a deficiency judgment against Walcott.[1] *Id.* On December 27, 2023, the Clerk of Court issued a Writ of Assistance, which, *inter alia,* authorizes the U.S. Marshal to assist Flagstar in gaining possession of the foreclosed property. (Dkt. No. 85).

In the instant Motion, Walcott asks that the Court set aside the Writ of Assistance. (Dkt. No. 86). Walcott states, *inter alia*, that she is obtaining funds to redeem the foreclosed property and has been in communication with Flagstar. *Id.* at ¶¶ 4,5. Walcott asserts that having to vacate the property prior to the redemption period will cause her a "financial setback," which will affect her ability to redeem the property. *Id.* at p.2. Walcott also asserts that she is out of the territory due to a medical emergency. *Id.*

## II.  APPLICABLE LEGAL PRINCIPLES

Because Walcott asks the Court to set aside the Writ of Assistance, the Court interprets her Motion as a Motion for Reconsideration of the Court's March 3, 2021 Judgment which, *inter alia*, authorized Flagstar to have "any and all writs necessary to execute the terms of the Judgment." (Dkt. No. 35 at 6). To prevail on a motion for reconsideration, a party must show "'(1) an

---

[1] The redemption period expires on March 25, 2024.

2

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds).

Under the established law, clear error exists if, "'after reviewing the evidence,'" [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Atl. Basin Ref., Inc. v. ArcLight Cap. Partners*, LLC, Civil Action No. 2015-0071, 2019 WL 13175037, at *2 (D.V.I. Nov. 7, 2019) (citing *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016)) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, No. 06-cv-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)). Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, No. CV-11-1771, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

### III. DISCUSSION

The Court will deny Walcott's Motion. Under Title 5 of the Virgin Islands Code, Section 500, "the purchaser from the day of sale until a resale or a redemption … shall be entitled to the possession of the property purchased or redeemed…." 5 V.I.C. § 500; *see Chase Manhattan Bank v. Robert-Surzano*, 51 V.I. 1024, 1041 (D.V.I. App. Div. 2009) ("Virgin Islands law unequivocally

places the entitlement to possession squarely and solely in the hands of the purchaser unless and until a holder of the right to redemption elects to redeem. The force of that law is not diminished by the *possibility* that a mortgagor may redeem property during the redemption period.") (emphasis in original); *Kennedy Funding Inc. v. GB Properties, Ltd.*, 73 V.I. 425, 433 (2020) (noting that "the statute is exceedingly explicit in its unambiguous language" in that "the statute gives a purchaser … the authority to possess the property from the day of sale….").

Therefore, the law is undoubtedly clear that Flagstar—the purchaser at the Marshal's Sale—is entitled to obtain possession of the property at any time after the sale and prior to the redemption of the foreclosed property.[2] Further, the reasons that Walcott sets forth for vacating the Writ of Assistance do not establish any of the bases warranting reconsideration of the Court's Judgment because Walcott has not shown that there has been a change in the controlling law; new evidence that was not available when the Court issued its Judgment; or manifest injustice resulting from the Court overlooking some dispositive factual or legal matter when it issued the Judgment which authorized the subsequent Writ of Assistance. Accordingly, because Walcott cannot establish a basis for reconsideration, Walcott's Motion will be denied.[3]

---

[2] This, of course, does not *require* the purchaser to take possession of the property prior to the expiration of the redemption period. A purchaser may choose, for example, to wait until the expiration of the redemption period to avoid any disruption that may result from taking possession, only to lose the property if the debtor redeems. Under the law however, this choice lies with the purchaser.

[3] Even if Walcott's Motion is considered under Rule 60(b) of the Federal Rules of Civil Procedure, the result is the same. Fed. R. Civ. P. 60(b) provides that "the court may relieve a party ... from final judgment, order or proceeding" under certain circumstances. Based upon Walcott's stated ground for relief—that vacating the property prior to the redemption period will cause her a financial setback—Walcott's Motion could be considered under Fed. R. Civ. P. 60(b)(6) which permits the Court to relieve a party from a judgment for "any other reason that justifies relief." The Third Circuit has emphasized that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted). "Indeed, a movant under Rule 60(b)(6) must show, absent relief, 'an 'extreme' and

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Denise Walcott's "Emergency Motion to Set Aside" (Dkt. No. 86) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall provide a copy of this Order to Defendant Denise Walcott via certified mail, return receipt requested.

**SO ORDERED.**

Date:   March 13, 2024                                      _____/s/_____
                                                            WILMA A. LEWIS
                                                            District Judge

---

'unexpected' hardship will result.'" *Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (citing *Budget Blinds*, *Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008)). Here, Walcott has not demonstrated that she will suffer extreme or unexpected hardship since Flagstar is authorized to obtain possession of the property in accordance with 5 V.I.C. § 500 and the Court's Judgment issued on March 3, 2021—almost three years prior to the date of Walcott's Motion—provided notice that Flagstar could obtain all necessary writs to execute the Judgment.