**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**DENISE WALCOTT, DEAN C. WALCOTT,** )<br>**JR., wife and husband, and SECRETARY OF** )<br>**HOUSING AND URBAN DEVELOPMENT,** )<br>)<br>**Defendants.** )<br>_____ ) | **Civil Action No. 2018-0037** |

**Attorneys:**
**A.J. Stone, III, Esq.**
St. Thomas, U.S.V.I.
  *For Plaintiff*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
  *For Defendant Secretary of Housing and*
   *Urban Development*

## MEMORANDUM OPINION

**Lewis, District Judge**

  THIS MATTER comes before the Court on Plaintiff Flagstar Bank, FSB's ("Flagstar") "Second Motion for Attorneys' Fees and Costs" ("Second Motion") in which Flagstar seeks attorneys' fees against Denise Walcott in the amount of $4,400.00 and expenses in the amount of $1,523.97, for a total of $5,923.97. (Dkt. No. 72). For the reasons set forth below, Flagstar's Second Motion will be granted in part and denied in part. The Court will allow $3,520.00 in attorneys' fees and deny the request for expenses without prejudice.

     **I.  BACKGROUND**

  On August 10, 2018, Flagstar filed a Complaint against Defendants Denise Walcott, Dean C. Walcott, Jr., and the Secretary of Housing and Urban Development ("HUD") alleging causes

of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at 4-6). On March 3, 2021, Flagstar obtained a default judgment against Defendants Denise Walcott and Dean C. Walcott (collectively, "the Walcotts") for $137,894.07 for an unpaid promissory note.[1] (Dkt. No. 35 at 2). The Court also: (1) declared that, based on a mortgage executed by the Walcotts, Flagstar held a first-priority lien against the Walcotts' property on St. Croix[2]; (2) foreclosed the mortgage and all subsidiary liens; and (3) directed that the Walcotts' property be sold at a Marshal's sale, with the proceeds to be applied to the outstanding indebtedness. *Id*. at 2-5. Further, the Court permitted Flagstar to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id*. at 3.

On September 6, 2022, the Court granted in part and denied in part Flagstar's First Motion for Attorneys' Fees, awarding $4,850.00 in attorneys' fees and $2,358.62 in statutory costs and non-statutory expenses. (Dkt. No. 47). In the instant Second Motion, Flagstar seeks an award of $4,400.00 in attorneys' fees and $1,523.97 in costs, for a total of $5,923.97, associated with time expended by counsel following the entry of Judgment in this action. (Dkt. No. 72). The amounts claimed are described in an Exhibit attached to a Declaration of Counsel in support of the Motion. (Dkt. Nos. 74, 74-1). These amounts include Flagstar counsel's time preparing for the Marshal's Sale; addressing Defendant Denise Walcott's Motion for a Temporary Restraining Order; and preparing the Second Motion. (Dkt. No. 74-1).

---

[1] Although Defendant Dean C. Walcott Jr. executed the Loan Modification Agreement, his signature indicates that he merely acknowledges the Agreement, but was "not to incur any personal liability for the debt." (Dkt. No. 31-2 at 5).

[2] The Court granted summary judgment in favor of Flagstar against HUD on the ground that Flagstar's Mortgage has priority over HUD's lien against the property. (Dkt. No. 36 at 9).

## II. APPLICABLE LEGAL PRINICIPLES

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has clarified, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, No. CIV 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I. R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorneys' fees and costs are reasonable"). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, No. CV 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, No. CIV. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the Court undertakes a two-step analysis. First, the Court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and

3

reputation." *Williams v. Ranger American of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the Court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips v. FirstBank Puerto Rico*, No. CV 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Flagstar Bank, FSB v. Stridiron*, No. CV 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). "Excessiveness of time spent in light of an applicant's expertise is a legitimate reason for reducing a fee award." *Borrell v. Bloomsburg University*, 207 F. Supp. 3d 454, 514 (M.D. Pa. 2016). In addition, the Court must also consider, *inter alia*, the relative simplicity or complexity of the case and the quality of the counsel's moving papers. *Bank of St. Croix, Inc. v. Bay Ests. Grp. Ltd. Liab. Ltd. P'ship*, No. CV 2014-0075, 2020 WL 1695687, at *9 (D.V.I. Apr. 6, 2020); *Gillespie v. Dring*, No. 3:15-CV-00950, 2019 WL 5260381, at *7 (M.D. Pa. 2019) (citing *Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004)).

Costs, other than attorneys' fees, allowed under 5 V.I.C. § 541 include: (1) fees of officers, witnesses and jurors; (2) expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). In order for these costs to be reimbursed, they must also be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, No. ST-11-CV-131, 2014 WL 4908588, at *1 (V.I. Super. Ct. Sept. 24,

4

2014). In addition, pursuant to Rule 54.1(b) of the Local Rules of Civil Procedure, a request for costs must be accompanied by the invoices for the items requested.

Similarly, in order to recover "expenses"—as permitted under the contract—the expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees may be recovered in a foreclosure action. *Flagstar Bank v. Daniel*, No. CV 2013-0058, 2016 WL 6154905, at *8 (D.V.I. Oct. 20, 2016).

### III. DISCUSSION

#### A. Attorneys' Fees

##### 1. Billing Rates

Both the Promissory Note and the Mortgage in this case provided for Flagstar's right to recover expenses, costs, and attorneys' fees if Flagstar was required to enforce the terms of the Note (Dkt. Nos. 32-1 at ¶ 6(C); 32-2 at ¶¶ 18, 20). Based on these provisions, Flagstar seeks an additional award of $4,400.00 in attorneys' fees. (Dkt. No. 73 at 5).[3]

In support of its request for attorneys' fees, Flagstar submitted a Memorandum of Law (*id.*), a "Declaration of Counsel in Support of Motion for Attorney Fees and Costs" (Dkt. No. 74), and Billing Records (Dkt. No. 74-1). In the Declaration, Attorney A.J. Stone, III, Esq. ("Attorney Stone") states that he is a senior associate and that his hourly billing rate is $250.00. (Dkt. No. 74 at 1-2). Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed." *Id*. at 2. Each billing entry includes columns for the date the

---

[3] As previously noted, Flagstar was awarded $4,850.00 in attorneys' fees and $2,358.62 in costs and expenses on September 6, 2022. (Dkt. No. 47).

work was performed, the initials of Attorney Stone, a brief description of the work performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (Dkt. No. 74-1).

Turning first to the hourly rate charged, the Court considers whether Flagstar has established reasonable billing rates. Virgin Islands courts have found hourly rates of up to $350.00 to be the customary and prevailing market rates charged in the Virgin Islands, depending on the experience level of the attorney. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, No. CV 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorneys' level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Bank of Am., N.A. v. Taylor,* No. ST-11-CV-0000164, 2019 WL 11706150, at *3 (V.I. Super. Ct. Sept. 9, 2019) (finding the attorney's hourly rate of $350.00 to be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Roy v. Poleon*, No. ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Ct. Dec. 14, 2018) (allowing $350.00 per hour to senior attorneys and $275.00 for associates in complex civil action); *Freund v. Liburd*, No. ST-11-CV-730, 2017 WL 11596465, at *2 (V.I. Super. Ct. Dec. 20, 2017) (finding the attorneys' hourly rate of $250.00 and the managing attorney's hourly rate of $350.00 "consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar"). In routine foreclosure proceedings, however, courts have generally awarded attorneys' fees of up to $300.00 per hour. *See, e.g.*, *Ditech Financial, LLC v. Felice*, No. CV 2016-94, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250.00); *Bank of Nova Scotia v. Robinson*, No. CV 2016-0019, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018)

(awarding attorneys' fees at an hourly rate of $300); *Lakeview Loan Servicing, LLC v. Singh,* 74 V.I. 439, 446 (V.I. Super. Ct. Jul. 28, 2021) (awarding attorneys' fees of $250.00 per hour in foreclosure proceeding).

In view of the foregoing, the Court finds that the $250.00 hourly billing rate charged for Attorney Stone—to which there has been no objection—is reasonable and falls within the range of rates typically charged for such services.

### 2. Reasonableness of Hours Expended

Next, the Court addresses whether Flagstar's claimed hours were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). Having reviewed the entries, the Court finds that not all of the 17.6 hours billed for the legal work following Judgment in this case were reasonably expended. The billing records reveal several instances where the time billed was excessive relative to the labor involved and the skillset and experience of a senior associate. For example, an entry dated June 20, 2022 and described as "Draft praecipe for writ of attachment. Forward for filing" is billed at .7 hours, or 42 minutes, amounting to $175.00. (Dkt. No. 74-1 at 1). Based on a review of the document filed, the document is shorter than half of a page and simply requests that the Clerk issue a Writ of Execution for the foreclosed property. (Dkt. No. 44). Further, the Court notes that this time was billed in addition and separately from the .9 hours—or 54 minutes—billed for preparing a revised praecipe following a Notice of Corrected Docket Entry by the Clerk's Office advising counsel that the docket entry should match the title of the document. However, upon refiling, the contents of the praecipe did not change, but only the docket entry description. Therefore, the time expended to refile the praecipe with the correct docket entry text is excessive in light of the simplicity of the task and counsel's seniority.

Another area of excessive billing is found in the billing entry: "Draft [R]eport of [S]ale and forward to United States Marshals Service for execution." (Dkt. No. 74-1 at 3). This task is billed at .7 hours or 42 minutes. *Id.* However, the Report of Sale is a standard document, a little over 1 page in length, in which the United States Marshal certifies that the sale of the foreclosed property was conducted in accordance with the Judgment. (Dkt. No. 75-2 at 2-3). At most, counsel only needed to substitute the property description; the name of the newspaper in which the notice of sale was published; the date of the auction; and the successful bid sum.

For these and similar instances of excessive billing and in light of the relative simplicity of the tasks involved, the Court will reduce the requested amount of $4,400 by 20 percent, and will award attorneys' fees in the amount of $3,520.00. *See, e.g.*, *Oriental Bank v. Tutein*, Civil Action No. 2017-0016, 2023 WL 3692918, at *3 (D.V.I. May 27, 2023) (reducing attorneys' fee award by twenty percent where post-judgment tasks performed involved preparing very short filings).

**B.     Expenses**

Flagstar requests reimbursement of $1,523.97 for expenses, including recording fees, online people search fees, and other fees related to the Marshal's Sale. (Dkt. No. 74-1 at 3). Under the terms of the Note, Denise Walcott agreed to pay "costs and expenses including reasonable and customary attorneys' fees for enforcing [the] Note to the extent not prohibited by applicable law." (Dkt. No. 32-1 at ¶ 6(C)). Similarly, the terms of the Mortgage allow for Flagstar to "collect all expenses incurred" in pursuing foreclosure remedies, "including, but not limited to reasonable attorneys' fees and costs of court." (Dkt. No. 32-2 at ¶ 18). Because the Mortgage is "governed by . . . the law of the jurisdiction in which the property is located" *id*. at ¶ 14, the Court will look to Virgin Islands law for guidance in determining the appropriate expenses.

Title 5, Section 541(a) defines what costs are allowed in a civil action. Expenses, however, are not defined by statute, nor are they defined in the Mortgage or other loan documents. The Supreme Court of the Virgin Islands has opined that "costs" and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the Virgin Islands Supreme Court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at 584. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs, 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (citation omitted). Pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable." *Flagstar Bank, FSB v. Lyles*, No. CV 2014-0105, 2017 WL 987448, at *6 (D.V.I. Mar. 14, 2017). Reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure proceeding. *Matrix Financial Services Corp. v. Laurent*, No. CV 2014-0069, 2016 WL 2757698, at *6 (D.V.I. May 11, 2016).

However, Flagstar failed to attach actual invoices from each of the service providers—as required by the Local Rules of this Court[4]—to support the expenditures claimed. Accordingly, the Court will deny without prejudice Flagstar's request for expenses. *See* Local Rule 54.1(c) ("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); *Zurich Am. Ins. Co. v. Tyree Holdings Corp.,* 87 F. Supp. 3d 703, 705 (D.N.J. 2014)

---

[4] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

9

(internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff Flagstar Bank, FSB's "Second Motion for Attorneys' Fees and Costs." (Dkt. No. 72). Specifically, the Court will award Flagstar attorneys' fees of $3,520.00 and deny without prejudice the request for expenses in the amount of $1,523.97.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2024                      _____/s/_____
                                              WILMA A. LEWIS
                                              District Judge