# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| **FLAGSTAR BANK, FSB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | Civil Action No. 2018-0037 |
| **DENISE WALCOTT, DEAN C. WALCOTT,** ) | |
| **JR., wife and husband, and SECRETARY OF** ) | |
| **HOUSING AND URBAN DEVELOPMENT,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Appearances:**

**A.J. Stone, III, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Denise Walcott**, *Pro Se*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Secretary of Housing and*
     *Urban Development*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Denise Walcott's "Emergency Motion to Vacate Foreclosure [Judgment] and Dismiss with Prejudice, Emergency Motion for Temporary Restraining Order" (separately, "Motion to Vacate Judgment" and "Motion for Temporary Restraining Order") (Dkt. No. 89). In response, Plaintiff Flagstar Bank, FSB ("Flagstar") filed an "Opposition to Defendant Denise Walcott's Combined Emergency Motions to Vacate Foreclosure Judgment and for Temporary Restraining Order." (Dkt. No. 94). For the reasons discussed below, the Court will deny the Motion to Vacate Judgment, and deny as moot the Motion for Temporary Restraining Order.

## I. BACKGROUND

On March 3, 2021, the Court granted default judgment in favor of Flagstar and against Defendants Denise Walcott and Dean C. Walcott, Jr. (collectively, "Walcotts"). (Dkt. No. 35). In the Judgment and Order ("Judgment") entered on March 3, 2021, the Court: (1) declared that, based on the Mortgage executed by the Walcotts, Flagstar held a first-priority lien on the Walcotts' property on St. Croix; (2) foreclosed the Mortgage and all subsidiary liens; and (3) directed that the Walcotts' property be sold at a Marshal's Sale, with the proceeds to be applied to the outstanding indebtedness. *Id.* The Judgment also provided notice of statutory redemption—that the judgment debtor could redeem the property within six months from the date of the Order confirming sale. *Id.* at 3.

On August 11, 2023, Denise Walcott ("Walcott")[1] filed a Motion for a Temporary Restraining Order ("Motion for TRO") in which she sought to halt the Marshal's Sale scheduled for August 17, 2023. (Dkt. No. 55). In seeking injunctive relief, Walcott asserted, *inter alia*, that: she had "suffered many unforeseen hardships over the last six years" which affected her ability to timely pay the mortgage; despite her efforts to bring the loan into good standing, Flagstar had "continuously refuse[d]" to provide her with written notification of a denial of her mortgage assistance applications; she was seeking assistance through the Virgin Islands Housing Finance Authority's ("VIHFA") Homeowner Assistance Funds Program; and she had not received proper notice of default and of the foreclosure sale. *Id.* at 1-2. Further, at the TRO hearing held before Magistrate Judge Emile A. Henderson III on August 15, 2023 ("August 15 Hearing"), Walcott

---

[1] Because the Motion addressed herein was filed by, and pertains to, Denise Walcott only, the references to Walcott will hereinafter refer to Denise Walcott.

2

further contended that the Judgment should be vacated because Flagstar did not comply with the statutory mediation requirement provided under 28 V.I.C. § 531(b).

Following the August 15 Hearing, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court deny Walcott's Motion for a TRO. (Dkt. No. 61). Thereafter, the Court adopted the R&R. (Dkt. Nos. 64, 68). In its Memorandum Opinion, the Court found that Walcott could not succeed on the first two gateway factors for injunctive relief—reasonable probability of success on the merits and irreparable harm. (Dkt. No. 68 at 7-13). In concluding that Walcott's arguments did not demonstrate that she had a reasonable probability of success on the merits, the Court found that Walcott's claims that she did not receive proper notice of the default were unsupported because the record revealed that various attempts were made by Flagstar—both prior to and after the commencement of the foreclosure proceeding—to advise her of the default on the subject Mortgage, and she had notice of the impending foreclosure sale after being served with the Writ of Execution four months prior to the scheduled sale. *Id.* at 8-9. The Court also noted that Walcott did not provide authority for the proposition that there was an obligation for Flagstar or the Court to provide her with personal notice of the foreclosure sale. *Id.* at 9 n.13 (citing *Kell v. Davies*, 63 V.I. 462, 471 (V.I. Super. Ct. 2015) (noting, *inter alia*, that the Virgin Islands Code did not require the defendants to receive personal notice of the scheduled foreclosure sale). Further, the Court found that because Walcott had not appeared prior to the entry of default judgment against her, she had waived the statutory mediation requirement. *Id.* at 10.

At the Marshal's Sale held on August 17, 2023, Flagstar placed the highest bid, thereby becoming the purchaser of the property. (Dkt. No. 80 at 2). On September 25, 2023, the Court confirmed the sale of the foreclosed property and entered a deficiency judgment against Walcott.

*Id.* On December 27, 2023, the Clerk of Court issued a Writ of Assistance, which, *inter alia,* authorized the U.S. Marshal to assist Flagstar in gaining possession of the foreclosed property. (Dkt. No. 85).

Thereafter, Walcott filed an Emergency Motion to Set Aside the Writ of Assistance ("Motion to Set Aside"). (Dkt. No. 86). In the Motion to Set Aside, Walcott represented that she was obtaining funds to redeem the foreclosed property and had been in communication with Flagstar. *Id.* at ¶¶ 4, 5. Walcott further asserted that having to vacate the property prior to the redemption period would cause her a "financial setback," which would affect her ability to redeem the property. *Id.* at p. 2.

The Court denied the Motion to Set Aside, construing it as a Motion for Reconsideration of the Court's Judgment which authorized Flagstar to have "any and all writs necessary to execute the terms of the Judgment." (Dkt. No. 87). The Court found that Virgin Islands law entitled Flagstar to obtain possession of the foreclosed property after the Marshal's Sale and prior to the expiration of the redemption period, with the proviso, of course, that Flagstar would have to vacate the premises if Walcott exercised her statutory redemption rights. *Id.* at 4. Further, the Court noted that the reasons Walcott set forth in her Motion to Set Aside did not establish any basis warranting reconsideration of the Judgment. *Id.*

In her third post-Judgment attempt to challenge the Judgment, Walcott now seeks to vacate the Judgment "based on serious errors, misrepresentations, unconscionability and fraud, as well as newfound evidence." (Dkt. No. 89 at 1). Walcott asserts, *inter alia*, a myriad of purported "facts" in support of her request to vacate the foreclosure judgment and request for a temporary restraining order. These include: that Flagstar failed to provide evidence that it attempted to mediate the matter pursuant to 28 V.I.C. § 531; that Walcott did not receive notice of the foreclosure proceeding prior

to the entry of Judgment because she did not receive a summons or other documentation; that Walcott's "payments during her hardship" to Flagstar were rejected; that at the August 15 Hearing, the Magistrate Judge misrepresented that Walcott could not sell the property following its purchase at the Marshal's Sale; and that there are "countless registered complaints" against Flagstar for violating the CARES Act. *Id.* at 4-5. Walcott also continues to assert that she has faced various hardships which have affected her ability to pay the mortgage. *Id.* at 2. Accordingly, Walcott requests that the Court vacate the Judgment "with prejudice" and grant her injunctive relief such that she could reinstate her loan with an approved grant from the Virgin Islands Housing Finance Authority. *Id.* at 5.

In its Opposition, Flagstar argues that: Walcott's combined Motion is an untimely motion for reconsideration of the Magistrate Judge's Report and Recommendation; Walcott has not demonstrated extraordinary circumstances to warrant Rule 60(b) relief; and Walcott's Motion is untimely pursuant to Federal Rule of Civil Procedure Rule 60(c)(1). (Dkt. No. 94).

## II.  APPLICABLE LEGAL PRINCIPLES

The Court construes Walcott's Motion to Vacate Judgment as brought pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's March 3, 2021 Judgment and Order.[2] Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be

---

[2] Although Flagstar asserts that Walcott's Motion is a motion for reconsideration of the Magistrate Judge's R&R (Dkt. No. 94 at 3), the Court construes Walcott's Motion just as she asserts: a Motion to Vacate Judgment and a Motion for a Temporary Restraining Order. While Walcott reasserts essentially the same arguments that were addressed in the Magistrate Judge's R&R and the Court's Memorandum Opinion, Walcott now seeks to vacate the entirety of the Judgment rather than simply enjoining the Marshal's Sale as requested in her initial Motion for a Temporary Restraining Order.

5

brought to an end and that justice must be done," *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (internal quotation marks omitted), affording "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom. Wetzel v. Cox*, 575 U.S. 929 (2015). A movant seeking relief pursuant to Rule 60 carries a heavy burden. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)).

Rule 60(b) has six different provisions pursuant to which a party may seek relief from judgment. The Rule provides, in pertinent part, that "the court may relieve a party . . . from a final judgment [or] order . . . for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> ∗∗∗
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This one-year time limit imposed on Rule 60(b)(1)-(3) motions may not be avoided by bringing a motion under Rule 60(b)(6). *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993)); *see also Cardona v. Lewisburg USP*, 600 F. App'x 821, 822 n.1 (3d Cir. 2015) (opining that Rule 60(b)(6) "is not intended as a means by which the time limitations of [Rules] 60(b)(1)-(3) may be circumvented").

Because Walcott notes that she seeks relief from the Judgment "based on serious errors, misrepresentations, misconduct, unconscionability and fraud, as well as new evidence," the Court interprets her Motion to Vacate Judgment as one that would most properly be brought—if at all—

pursuant to Rules 60(b)(1)-(3). When so construed, Walcott's Motion is untimely because more than one year has elapsed between the Judgment entered on March 3, 2021, and the filing of Walcott's Motion on March 25, 2024. Alternatively, the Court will construe Walcott's Motion as one under Rule 60(b)(6), although mindful of the admonition that Rule 60(b)(6) is not intended as a means by which the time limitations of Rules 60(b)(1)-(3) may be circumvented. *Cardona*, 600 F. App'x at 822 n.1.

The Third Circuit has emphasized that "'the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'" *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002) (*quoting In re Fine Paper Antitrust Litig.,* 840 F.2d 188, 194 (3d Cir. 1988))*.* "Indeed, a movant under Rule 60(b)(6) must show, absent relief, 'an 'extreme' and 'unexpected' hardship will result.'" *Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (citing *Budget Blinds*, *Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008)).

### III. DISCUSSION

#### A. Rule 60(b)(6) Relief

The Court will deny the instant Motion to Vacate Judgment because Walcott has not demonstrated exceptional circumstances to warrant relief under Rule 60(b)(6). Instead, Walcott rehashes arguments that she previously raised in her earlier Motion for a Temporary Restraining Order and most recently in her Motion to Set Aside the Writ of Assistance, and adds some new arguments which lack merit. Specifically, the Court has addressed Walcott's arguments that: (1) Flagstar did not comply with the statutory mediation requirement; and (2) Walcott did not receive notice of the foreclosure proceeding prior to the entry of Judgment. (Dkt. No. 68 at 7-13). As the Court has previously found, because Walcott failed to appear prior to the entry of default judgment,

7

there was no possibility that she *and* Flagstar could have attempted to resolve the matter at mediation. (Dkt. No. 68 at 9-10). Thus, Walcott waived the statutory mediation requirement. *Id.* (citing *Wilmington Savings Fund Soc'y., FSB v. Estate of Moolenaar through Moolenaar*, No. 3-18-cv-0105, 2021 WL 4895201 at *4 (D.V.I. Oct. 20, 2021) ("[W]aiver of the statutory mediation requirement is appropriate as no [d]efendant has filed a response to the Complaint or otherwise appeared to defend this matter.").

Walcott's arguments regarding service are equally unavailing. The Court found that Flagstar made numerous attempts to provide Walcott notice of the default.[3] Eventually, Walcott was properly served by publication. (Dkt. No. 23). Therefore, Walcott's assertions that she did not receive a "summons or any documentation" (Dkt. No. 89 at 4) prior to Judgment does not advance her cause in demonstrating an extraordinary circumstance that warrants relief.

Moreover, Walcott's new arguments in the instant Motion also do not provide any grounds to warrant relief. In the instant Motion, Walcott now asserts that, during the August 15 Hearing before the Magistrate Judge on her post-Judgment Motion for TRO, the Court allegedly misrepresented that she could not sell the property after its purchase at the Marshal's Sale. *Id*. In addition to not providing any factual or legal support for the contention that the Court in fact made

---

[3] Flagstar attempted to personally serve Walcott on five different occasions—September 4 at her Kissimmee, Florida address and September 6, 7, 8, and 10, 2018 on St. Croix—to no avail. (Dkt. Nos. 14, 14-1, 16, 16-1). Thereafter, Flagstar attempted to serve Walcott by mail using the Kissimmee, Florida and Fort Lauderdale, Florida addresses on file. (Dkt. No. 26-1 at 2). After one service package was returned, Flagstar then served Walcott by publication between November and December 2018 in three different newspapers of general circulation in St. Croix, U.S. Virgin Islands, Kissimmee, Florida, and Fort Lauderdale, Florida. (Dkt. No. 23). In fact, at the hearing, Walcott confirmed that she resided on the island of St. Croix at the time she was served by publication. (Dkt. No. 61 at 3 n.1). However, Walcott did not respond or appear. Therefore, Walcott's assertions (Dkt. No. 89 at 4) that evidence has not been provided that Flagstar attempted to serve the correct person or locate the correct property is unavailing.

a misrepresentation, Walcott also fails to identify how any such alleged misrepresentation would provide a basis to vacate a Judgment grounded in Walcott's default on her Mortgage.

Walcott also argues that she made good-faith efforts to reinstate her mortgage and remained in communication with Flagstar. *Id.* at 2. Walcott maintains, however, that Flagstar did not provide her written notification informing her that her mortgage assistance application was denied. *Id.* at 2, 4. At the August 15 Hearing, counsel for Flagstar noted that Walcott restarted communications with Flagstar after Judgment had been entered, at which time, she also attempted to seek mortgage assistance through Flagstar, and started sending checks in an attempt to pay the Mortgage. However, by that time, Walcott had not appeared in the action despite being properly served; the Clerk of Court had entered default; and the Court had already entered Judgment because Flagstar was successful on the merits of its debt and foreclosure claims. Once again, Walcott has failed to establish why her after-the-fact attempts to obtain funding—including her claim that she has received an approved grant from VIHFA—should result in the Judgment being vacated. Indeed, while Walcott is free to engage in whatever negotiations to which she and Flagstar may agree, she has presented no basis to vacate the Judgment entered by this Court.

Further, Walcott argues that the CARES Act required "federally owned and backed mortgage loan servicers" to provide written notification to borrowers of forbearance options. *Id.* at 4. Walcott asserts that there are "countless registered complaints" against Flagstar for violating the CARES Act. *Id.* at 5. However, Walcott does not assert that Flagstar violated any provision of the CARES Act in this case, nor does she explain what legal basis this would provide to challenge the validity of the Judgment.

Finally, Walcott has failed to carry her burden of demonstrating that she will suffer "unexpected hardship" to warrant relief from the Judgment under Rule 60(b)(6). The subject

9

Mortgage in this case had been in default since September 1, 2017—three and a half years prior to the Court's Judgment entered on March 3, 2021. (Dkt. Nos. 31-3; 36 at 3). Undoubtedly, Walcott was aware that failure to pay the Mortgage, would eventually run the risk of foreclosure as provided by the terms of the Mortgage that Walcott executed. (Dkt. No. 32-2 at ¶ 18). Further, the Judgment provided Walcott notice that "Walcott . . . shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights." (Dkt. No. 35 at 3). Walcott did not avail herself of these rights. Therefore, Walcott cannot now claim that that she has suffered any *unexpected* hardship as a result of her failure to pay her Mortgage, cure the default, or redeem the property. Accordingly, the Motion to Vacate the Judgment under Rule 60(b)(6) will be denied.

  **B.**  **Injunctive Relief**

Based on the title of her combined Motion, Walcott also seeks injunctive relief. "A temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002) (citation omitted). Because the Court has already adjudicated the merits of the claims via default judgment and will deny Walcott's Rule 60(b) Motion to vacate that Judgment—the ultimate relief that she is seeking—her Motion for Temporary Restraining Order is rendered moot.

### IV. CONCLUSION

For the reasons set forth above, the Court will deny Defendant Denise Walcott's "Emergency Motion to Vacate Foreclosure [Judgment] and Dismiss with Prejudice" and deny as moot her "Emergency Motion for Temporary Restraining Order." (Dkt. No. 89).

An appropriate Order accompanies this Memorandum Opinion.

Date: October 19, 2024 _____/s/_____
WILMA A. LEWIS
District Judge